UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Case No.: 2:19-CR-196-008 |
| | ) | JUDGE GREER |
| DUSTIN AMOS BARNETTE | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, DUSTIN AMOS BARNETTE, by and through counsel, and respectfully files this sentencing memorandum requesting a departure/variance under the applicable sentencing guidelines.

### INTRODUCTION

Mr. Barnette pled guilty to Count 1 of the indictment to the offense of Conspiracy to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A). The offense carries a mandatory minimum sentence of 120 months and a maximum term of life.

In fashioning an appropriate sentence in this case, this Court must impose a sentence no greater than that which is sufficient to reflect the seriousness of the offense while also accomplish a number of other goals: to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. §3553(a)(2). See

Defendant's Sentencing Memorandum
Page **1** of **11**

also *U.S. v. Gall*, 128 S.Ct. 586 (2007), *U.S. v. Hughes*, 401 F.3d 540 (4th Cir. 2005) and *U.S. v Pauley*, 511 F3d 468 (4th Cir. 2007).

In determining departures or variances at sentencing, the Court must place on the record an "individualized assessment based on the particular facts of the case before it," whether the Court "imposes an above, below, or within-Guidelines sentence." *United States v. Carter*, 564F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "[E]very sentence requires an adequate explanation," however, "a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

To do so properly, this Court must follow the three-step process set forth by *Gall v. United States*: apply the guideline range and consider all the factors set forth in 18 U.S.C. §3553(a) as a whole, including whether a departure and/or variance is warranted. Post-*United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines is considered advisory only.

Accordingly, considering only in an advisory manner the applicable range under the Guidelines, this Court must decide what sentence is reasonable, considering and weighing all of the factors set forth in 18 U.S.C. § 3553(a), which requires a sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

    (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

Defendant's Sentencing Memorandum
Page **2** of **11**

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The overriding principle underlying and basic mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing (as restated in § 3553(a)(2)):

(a) retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment");

(b) deterrence ("to afford adequate deterrence to criminal conduct");

(c) incapacitation ("to protect the public from further crimes"); and

(d) rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

Under 18 U.S.C. § 3661, "*no limitation* shall be placed on the information concerning

Defendant's Sentencing Memorandum
Page **3** of **11**

the background, character, and conduct of [a defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the now- advisory policy statements in Part H of the Guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. § 5H1. Now those factors may be considered as relevant.

In *Rita v. United States*, 551 U.S. 338 (2007), the United States Supreme Court determined, as a matter of administration, the district court should calculate the applicable Guidelines range as "the starting point." However, the district court "may not presume that the Guidelines range is reasonable." *Id*. at 351. Rather, the district court should make an "individualized assessment" and, in doing so, "consider all of the §3553(a) factors." *United States v. Gall*, 552 U.S. 38, 50 (2007).

## I. THE GUIDELINE RANGE

According to the Presentence Investigation Report (Doc. 1042, "PSR"), with the acceptance of responsibility, Mr. Barnette's applicable guideline range would be an offense level of 27 and a criminal history category of VI with an advisory guideline range of 130-162 months. PSR ¶93. However, Defendant has filed objections to said PSR (Doc. 1082) that, if granted, would place Mr. Barnette at a criminal history category V with an advisory guideline range of 120-150 months.

## II. 18 U.S.C. §3553(a) FACTORS

### Argument

### A.

### A variance is appropriate in this case under *18 U.S.C.S. § 3553(a)(1)* and U.S.S.G. §4A1.3 because of the Mr. Barnette's history and characteristics and that Criminal History Category VI overrepresents the seriousness of Mr. Barnette's criminal history

Mr. Barnette graduated from Volunteer High School in Church Hill, Tennessee with a special education diploma in 2006. PSR ¶86. Mr. Barnette has suffered since age 25 up to his present age of 33 with addiction to methamphetamine. PSR ¶80. He has attempted to cease his drug use, but it has been, unfortunately, a fairly consistent cycle of failure. PSR ¶¶81-82. Of note, Mr. Barnette completed 66 attendance hours of coursework at Tennessee College of Applied Technology (primarily concentrating on welding) in 2013, but he dropped out soon thereafter. PSR ¶¶85, 87.

U.S.S.G. §4A1.3(b)(1) states that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." The government stated in its sentencing memorandum that "…the defendant's criminal history reflects that though he has been given numerous opportunities with probationary sentences, the defendant has frequently violated the terms of those sentences…" *Sentencing Memorandum of AUSA*, Doc. 1093, p.3. However, the government fails to mention that the entirety of Mr. Barnette's counted criminal history took place during the two-year timespan of

the conspiracy[1] from April 7, 2017 (PSR ¶46) to February 25, 2019 (PSR ¶66). All of Mr. Barnette's convictions are misdemeanors, non-violent, and either drug possession or clearly related to his drug addiction[2]. In addition, much of sentences that the government refers to were overlapping. Mr. Barnette had two (2) overlapping probation violations/convictions on 3/29/2019 (PSR ¶¶46, 47), and eight (8) overlapping probation violations/convictions on March 29, 2019 (PSR ¶¶46, 47, 51, 52, 53, 54, 55, 56). Mr. Barnette has received six (6) convictions that received 2 criminal history points (PSR ¶¶46, 47, 51, 52, 53, 55) and one (1) conviction that received 1 criminal history point (PSR ¶48) over less than two years. For Mr. Barnette to have actually "earned" such a number of criminal history points, he theoretically would have had to have served at least 60 days for each 2 points of criminal history[3] (USSG §4A1.1(b)) which provides that Mr. Barnette must have spent at least one of those two years in incarceration.

While the defense certainly understands the argument that the defendant did the crime, so he deserves the time. However, the highest criminal history guideline possible simply over-represents the seriousness of Mr. Barnette's drug-related misdemeanor actions that occurred during the two-year period of the instant offense. See USSG §4A1.3(b)(1).

---

[1] The defendant's offense commenced on May 7, 2017 and concluded on October 7, 2019. PSR ¶43.
[2] See **Exhibit:** *Fact Sheet: Drug-Related Crime*. U.S. Dep't of Justice, September 1994, p.3. (stating that "Offenders convicted of robbery, burglary, and larceny/theft were most likely to commit their offense to obtain money to buy drugs.")
[3] 60 days X 6=360 days

Defendant's Sentencing Memorandum
Page **6** of **11**

**B.**

**A variance is appropriate in this case under *18 U.S.C.S. § 3553(a)(2)* because a sentence of 120 months is sufficient, but not greater than necessary to serve the purpose of sentencing**

A sentence of 120-months against Mr. Barnette reflects the seriousness of the offense considering Mr. Barnette is a 33-year-old man with no violent or felonious history. However, it is not greater than necessary because such a sentence will be 10 times longer than any sentence that Mr. Barnette has ever served. Being a life-long resident of East Tennesee (PSR ¶71), Mr. Barnette reports his family relationships as being "good" (PSR ¶73), but he also admitted to being first introduced to methamphetamine at the age of 25 (PSR ¶80). Mr. Barnette's serious criminal history beings with his first criminal conviction for drug possession that occurred in 2017 at age 29 (PSR ¶46).

Due to Mr. Barnette's non-violent criminal history, he is a favorable candidate for the Residential Drug Abuse Program (RDAP). The Bureau of Prisons has provided that "the Bureau and National Institute on Drug Abuse combined funding and expertise to conduct a rigorous analysis of the Bureau RDAP. Research findings demonstrated that RDAP participants are significantly less likely to recidivate and less likely to relapse to drug abuse than non-participants." See **Exhibit**: *BOP: Custody and Care: Substance Abuse Treatment*. https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp. Even if Mr. Barnette is able to take advantage of the RDAP program and receive a 12 month credit, he would still face 90 months of incarceration with a 10 year sentence.

The "Introductory Commentary" of USSG §4 states that "[r]epeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation." Obviously, under such reasoning, an individual sentenced under criminal history category VI would be presumed to have the highest likelihood of recidivism. However, the Sentencing Commission then continues by admitting that "[w]hile empirical research has shown that other factors are correlated highly with the likelihood of recidivism, e.g. age and drug abuse, for policy reasons they were not included here at this time." *Id*. Therefore, Mr. Barnette respectfully requests the Court consider that he does not deserve a 10-52 month enhancement upon the 120-month statutorily imposed sentence of incarceration due to non-violent crimes related to drug-abuse that were not considered by the Sentencing Commission when creating the guidelines.

### C.

### 1. OTHER SENTENCING CONSIDERATIONS

The defendant has one unresolved state court charge pending in Hawkins County General Sessions Court, one pending unresolved case in Scott County, VA General District Court, and four pending unresolved cases in Sullivan County General Session Court. The sentence in the present case should be ordered concurrent to all the anticipated sentences in those state court cases. The federal sentencing statute provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Although, as noted above, there has been no term of imprisonment yet imposed in the defendant's state court cases, in *Setser v. United States,* 566 U.S. 231, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012), the Supreme Court held that a

federal district court has the discretion to order a federal sentence to run concurrent or consecutive to a state sentence that is anticipated but has not yet been imposed.

In deciding whether to impose concurrent or consecutive sentences, the Court is to consider the factors set forth in section 3553(a). 18 U.S.C. § 3584(b). District courts must also consider the advisory recommendations of the Guidelines and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(4) and (5). The Guidelines Policy Statement provides that the sentencing judge should run the sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d)(2018 Edition).

The Scott County and Sullivan County Burglary, Thefts, Evading, and Simple Possession charges (PSR¶¶62-66) are drug related[4] and occurred during the time of the indicted drug conspiracy. The parties have already agreed that the Evading and Possession charges from Sullivan County (PSR ¶66, Sullivan County Sessions Case No. 2019-RK-58293) should run concurrent. See *Plea Agreement*, Doc. 811, p.6. Defendant avers that his drug-related conduct in Scott and Sullivan County should also run concurrent because the lengthy sentence to imposed by the federal court in this matter allows for a concurrent ruling to "achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity...." *USSG §5G1.3, Application Note 4(A).*

---

[4] See **Exhibit:** *Fact Sheet: Drug-Related Crime*. U.S. Dep't of Justice, September 1994, p.3. (stating that "Offenders convicted of robbery, burglary, and larceny/theft were most likely to commit their offense to obtain money to buy drugs.")

Defendant's Sentencing Memorandum
Page **9** of **11**

Although the pending 2015 Forgery charge (PSR ¶61) is unrelated to the instant offense, the defendant respectfully requests that the Court exercise its discretion and order the sentence imposed in the instant sentence to be served concurrent to any anticipated sentence in Hawkins County General Sessions Court Case #2015-CR-573. Incremental punishment for the possible forgery violation would serve no legitimate sentencing purpose after several years in a federal prison. Furthermore, a state court "hold" on the defendant based on a pending misdemeanor violation may adversely affect his BOP classification and program availability.

It should also be noted that the PSR lists Mr. Barnette's violation of probation convictions for Simple Possession of Schedule II (PSR ¶46, Sullivan County Sessions Case No. 2017-RK-47734), Simple Possession of Schedule II (PSR ¶47, Sullivan County Sessions Case No. 2017-RK-48247), and Simple Possession of Schedule II (PSR ¶51, Sullivan County Sessions Case No. 2017-RK51480) as all having been related to the instant offense. Wherefore, Defendant requests that said probation sentences be run concurrent.

### III. CONCLUSION

The Sixth Circuit has held that a sentence at the bottom end of a Guideline sentencing range is presumptively reasonable. *United States v. Robinson*, 217 Fed. Appx. 503, 510 (6th Cir. 2007). However, the Court is urged to vary downward by ten (10) months to the mandatory minimum sentence of 120 months based on the fact that his criminal history, and the instant offense, is primarily a consequence of his life-long drug addiction. See *United States v. Hendrickson*, 25 F.Supp.3d 1166, 1176 (N.D. Iowa 2014)(finding that § 3553(a)(1) weighs *in favor of* addiction-based variances: "[B]ecause addiction is a serious brain disease that diminishes one's capacity to

Defendant's Sentencing Memorandum
Page **10** of **11**

Case 2:19-cr-00196-JRG-CRW   Document 1099   Filed 07/16/21   Page 10 of 11
PageID #: 7628

evaluate decisions and regulate behavior, I consider addiction to be a generally and substantially mitigating factor under § 3553(a)(1), weighing in favor of a [6 month] downward variance.").

Considering all of the foregoing, the undersigned would argue that the risk of recidivism with Mr. Barnette is minimal, and, as a result, the need for incarceration should be reduced. Thus, Mr. Barnette would ask that a sentence of 120 months be imposed that would best reflect the factors listed in 18 U.S.C. § 3553(a). Mr. Barnette respectfully requests credit for time-served since he was arrested by federal authorities on December 12, 2019, that he be recommended for RDAP, and he be able to serve his sentence at Butner, North Carolina or, in the alternative, Manchester, Kentucky.

Respectfully submitted,

DUSTIN AMOS BARNETTE
By Counsel

/s/Jonathan Sevier Cave   #027139
Attorney for the Defendant
The Cave Law Firm, PLLC
104 N. College Street
Greeneville, TN 37743
(423) 638-5892

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2021, I delivered a copy of the foregoing via the ECF system which electronically delivered the document to all interested parties.

/s/ Jonathan Sevier Cave
Attorney

Defendant's Sentencing Memorandum
Page **11** of **11**